IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVETTE S. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:09-cv-270-MEF |
| | ) | |
| KOCH FOODS OF ALABAMA, | ) | (WO—Do Not Publish) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Koch Foods of Alabama's ("Koch Foods") Motion for Partial Judgment on the Pleadings or, Alternatively, to Compel Election of Remedies (Doc. # 34), filed on February 3, 2010.  For the following reasons, the Court will deny the motion.

## I. BACKGROUND

The plaintiff, Evette Freeman ("Freeman"), brought this disparate-treatment employment-discrimination suit on March 30, 2009.  Her complaint alleges:

Count 1:    Retaliation (constructive discharge), in violation of the Family and Medical Leave Act of 1993 ("FLMA").

Count 2:    Disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA").

Count 3:    Race discrimination (failure to promote, unequal pay, and constructive discharge), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

<u>Count 4</u>:      Race discrimination (failure to promote, unequal pay, and constructive discharge), in violation of § 1981 of the Civil Rights Act of 1866 ("§ 1981").

<u>Count 5</u>:      Retaliation, in violation of the ADA, Title VII, and § 1981.[1]

Koch Foods now moves under Federal Rule of Civil Procedure 12(c) for dismissal of Freeman's disability-discrimination and retaliation claims.

## II.  LEGAL STANDARD

Rule 12(c) governs motions for judgment on the pleadings.  It is appropriate for a district court to enter judgment on the pleadings when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116–17 (11th Cir. 1999).  The Court must scrutinize the complaint, construed in the plaintiff's favor, to test if it alleges "enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007)).

## III.  DISCUSSION

Koch Foods' argument in favor of judgment on the pleadings proceeds in two steps.  In step one, Koch Foods argues that the Court should apply the holding

---

[1] Freeman also alleges gender discrimination, in violation of Title VII, in the first numbered paragraph of her complaint.  (*See* Doc. # 1 at 1, ¶ 1.)

in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), to Freeman's disability-discrimination and retaliation claims.  In *Gross*, the U.S. Supreme Court held that a plaintiff who brings an age-discrimination claim under the Age Discrimination in Employment Act of 1967 ("ADEA") must prove "that age was the 'but-for' cause of the challenged employment action."[2]  *Id.* at 2352.  Koch Foods argues that the logic of *Gross* also applies to the ADA and the retaliation provisions at issue in this case and, therefore, that Freeman must prove but-for causation for her disability-discrimination and retaliation claims.

In step two, Koch Foods argues that because Freeman must prove but-for causation, she must choose which of her three theories of discrimination and retaliation—medical-leave status, disability, or race—caused each of the alleged adverse employment actions.  For this step, Koch Foods relies on the holding in *Culver v. Birmingham Board of Education*, 646 F. Supp. 2d 1270 (N.D. Ala. 2009).  In *Culver*, the U.S. District Court for the Northern District of Alabama applied *Gross* to a disparate-treatment suit in which the plaintiff had two claims: an age-discrimination claim under the ADEA and a race-discrimination claim under Title VII.  *Id.* at 1271.  The court ruled that the plaintiff had to choose

---

[2] Consequently, an age-discrimination plaintiff must meet a more stringent causation standard than the "motivating-factor" standard applied to Title VII race-discrimination claims, which asks only whether a forbidden motive contributed to the challenged employer decision.

between her age and race theories of discrimination because "[t]he only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was *any* other proscribed motive involved." *Id.* at 1271–72 (emphasis in original). Koch Foods urges this Court to follow the example set in *Culver* and require Freeman to elect one of her theories of discrimination and retaliation.

This Court declines to do so because it disagrees with the second step of Koch Foods' argument.[3] Simply put, the holding in *Culver* is illogical. A sole-causation standard (which requires a plaintiff to prove that the defendant's consideration of a protected category is the *only* cause of a challenged employment decision) is not the same as a but-for, or necessary, causation standard (which requires a plaintiff to prove that a challenged employment decision would not have occurred but for the defendant's consideration of a protected category). *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n.10 (1976) (distinguishing sole causation from but-for causation); Michael C. Harper, *The Causation Standard in Federal Employment Law:* Gross v. FBL Financial Services, Inc*., and the Unfulfilled Promise of the Civil Rights Act of 1991*, 58

---

[3] Therefore, the Court need not address the first step of Koch Foods' argument, and it expresses no opinion on whether the logic of *Gross* applies to any part of any employment-discrimination statute other than the ADEA.

Buff. L. Rev. 69, 75 (2010) (explaining the difference between various types of employment-discrimination causation standards). Even though a sole cause is also a necessary cause, a necessary cause need not be a sole cause. Rather, a particular result may have two or more necessary causes, and the majority opinion in *Gross* does not hold otherwise. Thus, logic dictates that Freeman need not be required to choose between her three theories of discrimination and retaliation.

## IV.  CONCLUSION

Accordingly, it is hereby

ORDERED that Koch Foods' Motion for Partial Judgment on the Pleadings or, Alternatively, to Compel Election of Remedies (Doc. # 34) is DENIED.

DONE this the 15th day of June, 2010.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE