IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVETTE S. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:09-cv-270-MEF |
| v. | ) | |
| | ) | |
| KOCH FOODS OF ALABAMA, | ) | (WO – DO NOT PUBLISH) |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause is before the Court on Koch Foods of Alabama's ("Koch Foods") Motion for Summary Judgment, (Doc. # 41), filed on May 3, 2010. In her Response to Koch Foods' summary judgment motion, Plaintiff Evette S. Freeman ("Freeman") appears to contend that she has a viable reinstatement claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. (Doc. # 49, at 23) ("Perhaps most importantly, an employee who takes FMLA leave is guaranteed her job, or one substantially similar upon returning from leave. That did not happen here. . . . Thus she was retaliated against by not receiving her old job back.") (citing 29 U.S.C. § 2614(a)). However, this Court is inclined to grant summary judgment to Koch Foods on the reinstatement claim pursuant to Federal Rule of Civil Procedure 56(f)(2) on the grounds that the claim was not raised in Freeman's Complaint, (Doc. # 1), and because the Complaint cannot be amended by an argument made in a response to a motion for summary judgment. *See Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1314 (11th Cir.2004) (per curiam) (liberal pleading standard does not allow plaintiff to raise a new

claim at the summary judgment stage).  Any party wishing to oppose the Court's proposed action shall show cause **on or before December 30, 2010**, with specific legal authority for their arguments, as to why summary judgment should not be granted on Freeman's reinstatement claim.

      DONE this the 21st day of December, 2010.

                                              /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE